IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Doressia T McKee ) | | |
| In Her Individual Capacity and as ) | | |
| Personal Representative of the ) | | |
| Estate of Freddie L. McKee, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 23-04157-CV-C-SRB | |
| ) | | |
| City of Columbia Missouri, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendants, by and through their attorneys, and for their answers to Plaintiff's First Amended Complaint states to the Court as follows:

1. Defendants are without sufficient information to admit or deny the allegations of Paragraph 1, and therefore deny the same.

2. Defendants admit that Plaintiff has been appointed as the personal representative of the state of Freddy L. McKee. Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that Defendant Steve Wilmouth is a detective with the City of Columbia, Missouri. Further, Defendants admit that Defendant Wilmouth was acting in the course and scope of his employment with the City of Columbia during his investigation of Freddy McKee's death. The remaining allegations of Paragraph 3 assert a legal conclusion and are therefore denied.

4. Paragraph 4 asserts a legal conclusion and is therefore denied.

5. Defendants admit to the allegations of Paragraph 5.

6. Paragraph 6 asserts a legal conclusion and is therefore denied.

7. Paragraph 7 asserts a legal conclusion and is therefore denied.

8. Defendants admit that the venue is proper. Defendants deny the remaining allegations of Paragraph 8.

9. Defendants are without sufficient information to admit or deny the allegations of Paragraph 9, and therefore deny the same.

10. Defendants are without sufficient information to admit or deny the allegations of Paragraph 10, and therefore deny the same.

11. Defendants are without sufficient information to admit or deny the allegations of Paragraph 11, and therefore deny the same.

12. Defendants are without sufficient information to admit or deny the allegations of Paragraph 12, and therefore deny the same.

13. Defendants are without sufficient information to admit or deny the allegations of Paragraph 13, and therefore deny the same.

14. Defendants admit that Defendant Wilmouth is a detective with the Columbia Police Department. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 14, and therefore deny the same.

15. Defendants are without sufficient information to admit or deny the allegations of Paragraph 15, and therefore deny the same.

16. Defendants are without sufficient information to admit or deny the allegations of Paragraph 16, and therefore deny the same.

17. Defendants are without sufficient information to admit or deny the allegations of Paragraph 17, and therefore deny the same.

18. Defendants are without sufficient information to admit or deny the allegations of Paragraph 18, and therefore deny the same.

19. Defendants are without sufficient information to admit or deny the allegations of Paragraph 19, and therefore deny the same.

20. Defendants are without sufficient information to admit or deny the allegations of Paragraph 20, and therefore deny the same.

21. Defendants are without sufficient information to admit or deny the allegations of Paragraph 21, and therefore deny the same.

22. Defendants are without sufficient information to admit or deny the allegations of Paragraph 22, and therefore deny the same.

23. Defendants are without sufficient information to admit or deny the allegations of Paragraph 23, and therefore deny the same.

24. Defendants admit that Freddy McKee is deceased. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 24, and therefore deny the same.

25. Defendants are without sufficient information to admit or deny the allegations of Paragraph 25, and therefore deny the same.

26. Defendants are without sufficient information to admit or deny the allegations of Paragraph 26, and therefore deny the same.

27. Defendants are without sufficient information to admit or deny the allegations of Paragraph 27, and therefore deny the same.

28. Defendants admit that Defendant Wilmouth arrived on the scene. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 28, and therefore deny the same.

29. Defendants are without sufficient information to admit or deny the allegations of Paragraph 29, and therefore deny the same.

30. Defendants are without sufficient information to admit or deny the allegations of Paragraph 30, and therefore deny the same.

31. Defendants are without sufficient information to admit or deny the allegations of Paragraph 31, and therefore deny the same.

32. Defendants are without sufficient information to admit or deny the allegations of Paragraph 32, and therefore deny the same.

33. Defendants are without sufficient information to admit or deny the allegations of Paragraph 33, and therefore deny the same.

34. Defendants are without sufficient information to admit or deny the allegations of Paragraph 34, and therefore deny the same.

35. Defendants are without sufficient information to admit or deny the allegations of Paragraph 35, and therefore deny the same.

36. Defendants are without sufficient information to admit or deny the allegations of Paragraph 36, and therefore deny the same.

37. Defendants are without sufficient information to admit or deny the allegations of Paragraph 37, and therefore deny the same.

38. Defendants are without sufficient information to admit or deny the allegations of Paragraph 38, and therefore deny the same.

39. Defendants are without sufficient information to admit or deny the allegations of Paragraph 39, and therefore deny the same.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants are without sufficient information to admit or deny the allegations of Paragraph 41, and therefore deny the same.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants are without sufficient information to admit or deny the allegations of Paragraph 43, and therefore deny the same.

44. Defendants are without sufficient information to admit or deny the allegations of Paragraph 44, and therefore deny the same.

45. Defendants are without sufficient information to admit or deny the allegations of Paragraph 45, and therefore deny the same.

46. Defendants are without sufficient information to admit or deny the allegations of Paragraph 46, and therefore deny the same.

47. Defendants are without sufficient information to admit or deny the allegations of Paragraph 47, and therefore deny the same.

48. Defendants admit that Boone County Medical Examiner's Office examined Mr. McKee. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 48, and therefore deny the same.

49. Defendants are without sufficient information to admit or deny the allegations of Paragraph 49, and therefore deny the same.

50. Defendants are without sufficient information to admit or deny the allegations of Paragraph 50, and therefore deny the same.

51. Defendants are without sufficient information to admit or deny the allegations of Paragraph 51, and therefore deny the same.

52. Defendants admit that a further series of toxicology tests involving an expanded package was conducted. Defendants admit that this resulted in a second toxicology report. Defendants admit that the second test detected Eutylone in Mr. McKee's system. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 52, and therefore deny the same.

53. Defendants are without sufficient information to admit or deny the allegations of Paragraph 53, and therefore deny the same.

54. Defendants are without sufficient information to admit or deny the allegations of Paragraph 54, and therefore deny the same.

55. Defendants admit to the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants are without sufficient information to admit or deny the allegations of Paragraph 58, and therefore deny the same.

59. Paragraph 59 asserts a legal conclusion and is therefore denied.

## COUNT I

60. Defendants incorporate herein by reference their answers to the allegations of Paragraphs 1 through 59 as if fully set forth herein.

61. Defendants admit that Paragraph 61 asserts a paraphrasing of the 14th Amendment. Defendants deny the remaining allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants admit to the allegations of Paragraph 63.

64. Defendants admit to the allegations of Paragraph 64.

65. Paragraph 65 asserts a legal conclusion and is therefore denied.

66. Paragraph 66 asserts a legal conclusion and is therefore denied.

67. Defendants deny the allegations of Paragraph 67, including all subparagraphs thereto.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

WHEREFORE, having answered Count I of Plaintiff's First Amended Complaint, Defendants pray that the same be dismissed against them, for their costs herein, and for such further relief as the Court deems just and proper.

### COUNT III (Improperly Labeled due to no Count II in Amended Petition)

76. Defendants incorporate herein by reference their answers to the allegations of Paragraphs 1 through 75 as if fully set forth herein.

77. Defendants admit that Paragraph 77 asserts a paraphrasing of the 14th Amendment. Defendants deny the remaining allegations of Paragraph 77.

78. Paragraph 78 asserts a legal conclusion and is therefore denied.

79. Paragraph 79 asserts a legal conclusion and is therefore denied.

80. Defendants deny the allegations of Paragraph 80.

81. Paragraph 81 asserts a legal conclusion and is therefore denied.

82. Paragraph 82 asserts a legal conclusion and is therefore denied.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87, including all subparagraphs thereto.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Paragraph 91 asserts a legal conclusion and is therefore denied.

WHEREFORE, having answered Count III of Plaintiff's First Amended Complaint, Defendants pray that the same be dismissed against them, for their costs herein, and for such further relief as the Court deems just and proper.

## GENERAL DENIAL

Defendant denies all allegations not expressly admitted herein.

## REQUEST FOR JURY TRIAL

Defendant respectfully requests a jury trial of all factual issues.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a cause of action upon which relief may be granted or judgment sustained.

2. Any action that is taken by the above-named Defendants were discretionary in nature and made in good faith and Defendants are protected from liability by the Doctrine of Qualified Immunity.

3. The above-named Defendants acted reasonably under the circumstances and their conduct was justified and/or privileged.

4. Any injuries or damages to Plaintiff was deminimous and do not implicate the deprivation of a constitutional right and is insufficient to support the claims set forth in Plaintiff's Complaint.

5. Plaintiffs lack standing to bring Counts I and III under *Parkhurst v. Tabor*, 569 F3 861, 866 (8th Cir. 2009) ("while it is well settled that Defendants subject to or

9

Case 2:23-cv-04157-SRB     Document 30     Filed 05/14/24     Page 9 of 12

threatened with discriminatory prosecution have standing to bring an equal protection claim, this right has not been extended to crime victims."); *Pratt v. Helms*, 73 F.4th 592 (8th Cir. 2023) (Plaintiff "lacks standing to challenge the failure to investigate the assault committed against him.").

6. Plaintiff's claims against Defendant Wilmouth and Defendant City of Columbia are barred by qualified immunity in that Defendant Wilmouth and Defendant City of Columbia did not violate any clearly established rights of Plaintiff or Plaintiff's decedent.

7. Defendants deny that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

8. To the extent Plaintiff seeks punitive damages against Defendants, Defendants state: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution. Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded. The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and

ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threaten to deprive this defendant of its property without due process of law.

9. To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri. Specifically, Defendants state that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

10. To the extent the Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against Defendants are highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri. Accordingly, the evidentiary burden of proof that the Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

Respectfully Submitted,

SCHREIMANN, RACKERS &
FRANCKA, L.L.C.

/s/ Brad C. Letterman
Brad C. Letterman, #52818

Ryan Thomas, #74870
931 Wildwood Drive
Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
bcl@srfblaw.com
rpt@srfblaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all attorneys of record via the Court's electronic filing system on May 14, 2024.

/s/ Brad C. Letterman
Brad C. Letterman