IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DORESSIA MCKEE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF COLUMBIA, MISSOURI, et al.,<br><br>    Defendants. | Case No. 23-4157-CV-C-SRB |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PLEADINGS TO THE EXTENT IT SEEKS TO ADD ADDITIONAL DEFENDANTS**

COMES NOW Defendants, by and through their undersigned counsel, and in support of their Suggestions in Opposition to Plaintiff's Motion to Amend her Petition, states to the Court as follows:

1) Plaintiff acting *pro se* filed suit in state court on July 7, 2023.

2) The court entered its scheduling order on December 14, 2023 providing that any amendment to the pleadings was to occur by January 5, 2024.

3) The parties jointly moved to amend the scheduling order on February 19, 2024. The amended scheduling order provided that any motion to amend the pleadings must be filed on or before May 1, 2024.

4) On May 1, 2024, Plaintiff filed a motion for leave to file amended pleadings.

5) This was granted and Plaintiff's amended petition was filed.

6) On August 18, 2025, Plaintiff is seeking leave to file her second amended petition.

1

7) "When a motion for leave to amend is filed after the deadline set forth in the Court's scheduling and trial order, Rule 16(b) comes into play." *Commerce Bank v. U.S. Bank Nat'l Ass'n*, 2016 U.S. Dist. LEXIS 171693, *5-6 (Mo. W.D. 2016).

8) "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Id.*

9) "'Good cause' requires a party to demonstrate that despite the movant's diligence, 'the belated amendment could not have reasonably have been offered sooner.'" *Id.* at *7.

10) "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance, after the scheduling deadline for amending pleadings, then [the court] may conclude that the moving party has failed to show good cause." *Id.*

11) Plaintiff's initial petition included the City of Columbia and Steven Wilmoth as Defendants.

12) Plaintiff's second amended petition includes the original Defendants as well as proposed additional defendants Matthew Gremore, Harlan Hatton, Julie Ray, D Shawn Seawood, Dylan Kelly, Neal Sedgwick, John Doe #7 and John Doe #8.

13) Plaintiff knew of all the additional named Defendants prior to the filing of her initial petition as shown through her provided initial disclosures. These are all individuals that the Plaintiff interacted with during her time investigating the death of her son, Freddie McKee.

14) Ms. McKee had disclosed each of the newly named Defendants in her response to people with knowledge in her initial disclosures. *See* Plaintiff's Initial Disclosures attached hereto as Exhibit A.

15) It is improper for Plaintiff to now over two years after the filing of her initial petition to add these additional named Defendants.

16) In the alternative, if the Court grants Plaintiff leave to add additional defendants, the current Defendants before the Court request 21 days to answer the Amended Complaint.

WHEREFORE, Defendants respectfully request the Court deny Plaintiff's motion for leave to file her amended pleadings to the extent Plaintiff seeks to add additional defendants, and for such other relief as the Court deems just and proper.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Brad C. Letterman
Brad C. Letterman, #52818
931 Wildwood Drive
Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
bcl@srfblaw.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all attorneys of record via the Court's electronic filing system on September 2, 2025.

/s/ Brad C. Letterman
Brad C. Letterman

3

Case 2:23-cv-04157-SRB    Document 46    Filed 09/02/25    Page 3 of 3